UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCUS ABBE,

    Plaintiff,

  v.

JOSEPH LEHMAN,

    Defendant.

Case No. C05-5384FDB

REPORT AND RECOMMENDATION

Noted for February 10, 2006

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. The matter is before the court on defendant's motion for judgment on the pleadings (Dkt # 11), in which defendant argues plaintiff's claims are barred by the statute of limitations. After reviewing the motion, plaintiff's opposition (specifically plaintiff's own motion to stay the matter (Dkt # 19)), and the balance of the record, the undersigned recommends that the Court grant defendant's motion and dismiss this action.

On June 24, 2005, Plaintiff filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 in this matter, naming Joseph Lehman, Secretary of the Department of Corrections (DOC), as a Defendant. (Dkt. #4). In his Complaint Mr. Abbe claims that he was unlawfully detained past his earned early release date ("EERD"). Complaint at 2. According to Mr. Abbe he was a Washington State DOC

REPORT AND RECOMMENDATION - 1

prisoner from 1997 to 1999. Id. at 2, ¶ 1.  Plaintiff seeks general damages, punitive damages, and "any other relief the court feels a need to impose." Id. at 3.  Defendant argues Mr. Young's claims are barred by the applicable three-year statute of limitations.

## DISCUSSION

In reviewing a motion to dismiss under F.R.C.P. 12, a court may grant dismissal for failure to state a claim "if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting Conley v. Gibson, 355 U.S. 41, 45046, 78 S.Ct. 99, 102 (1957)).  Although complaints are to be liberally construed in plaintiff's favor, conclusory allegations of law, unsupported conclusions, and unwarranted inferences need not be accepted as true.  Id.  Dismissal may be based on either the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Ballistreri v. Pacifica Police Dept. 901 F.2d 696, 699 (9th Cir. 1990)

Defendant argues plaintiff's claims must be dismissed because the court lacks jurisdiction over claims that have not been filed within the required time period.  The appropriate statute of limitations for a § 1983 claim is the forum state's statute of limitations for tort actions.  Wilson v. Garcia, 471 U.S. 261, 269 (1985).  Washington State provides a three year statute of limitations for tort claims.  RCW 4.16.080(2) (1998).  Accordingly, the statute of limitations applicable to plaintiff's § 1983 claim is three years.  See, e.g., Joshua v. Newell, 871 F.2d 884, 886.

Here, Mr. Abbe indicates that the allegations giving rise to his Civil Rights Complaint occurred when he was unlawfully detained past his earned early release date. While he does not include his earned early release date in his Complaint, Mr. Abbe states that he was a DOC prisoner from 1997 to 1999. Complaint at 2, ¶ 1. Mr. Abbe applied for in forma pauperis status and submitted a proposed Complaint on June 1, 2005, more than six years after his release from DOC custody

After reviewing the merits of the complaint, the court will note that plaintiff's EERD claims presented in this case do not appear to have merit.  A prison inmate has no constitutional right to release before expiration of his or her sentence. Greenholtz v. Inmates of Nebraska, 442 U.S. 1

REPORT AND RECOMMENDATION - 2

(1979). Washington State appellate courts recognized an independent state created interest in amassing early release credits. In Re Galvez, 79 Wn. App 655 (1995). The Washington State Court of Appeals, Division 1, found there to be a "limited liberty interest" in earned early release credit which requires minimal due process. In re Crowder, 97 Wn. App. 598 (1999). In Dutcher the same appellate court emphasized it was proceeding under RAP 16.4, which did not require a finding of a constitutional violation but rather only a finding of unlawful restraint under state law. Dutcher, supra at p. 758 (fn. 3 and 4, *citing* In re Cashaw, 123 Wn. 2d 138 (1994)).

The plaintiff in Cashaw filed a personal restraint petition (PRP) which challenged the actions of the Indeterminate Sentence Review Board in setting his minimum prison term to coincide with the remainder of his court-imposed maximum sentence. The Court of Appeals granted the "PRP after concluding the Board's failure to follow its own procedural rules violated Cashaw's due process rights." Cashaw, supra, at p. 140. While the Washington Supreme Court affirmed the grant of the PRP, it did so on the ground that "an inmate may be entitled to relief solely upon showing the Board set a minimum term in violation of a statute or regulation." Cashaw at p. 140. The Washington Supreme Court disagreed, however, with the Court of Appeals and found "that no due process liberty interest was created here, for the Board's regulations imposed only procedural, not substantive, requirements." Cashaw at p. 140. The state court affirmed the notion that "procedural laws do not create liberty interests; only substantive laws can create these interests." Cashaw, supra at p. 145. The Washington State Supreme Court in Cashaw was careful to grant relief only on state grounds. Indeed, the State Supreme Court in Cashaw analyzed what is needed to find a state created liberty interest and found no due process violation in that case. The court stated:

> Liberty interests may arise from either of two sources, the due process clause and state laws. Hewitt v. Helms, 459 U.S. 460, 466, 103 S.Ct. 864, 868, 74 L.Ed.2d 675 (1983); Toussaint v. McCarthy, 801 F.2d 1080, 1089 (9th Cir.1986), cert. denied, 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987). The due process clause of the federal constitution does not, of its own force, create a liberty interest under the facts of this case for it is well settled that an inmate does not have a liberty interest in being released prior to serving the full maximum sentence. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979); Ayers, 105 Wash.2d at 164-66, 713 P.2d 88; Powell, 117 Wash.2d at 202-03, 814 P.2d 635.

REPORT AND RECOMMENDATION - 3

> However, as indicated above, state statutes or regulations can create due process liberty interests where none would have otherwise existed. See Hewitt, 459 U.S. at 469, 103 S.Ct. at 870; Toussaint, 801 F.2d at 1089; Powell, 117 Wash.2d at 202-03, 814 P.2d 635. By enacting a law that places substantive limits on official decision making, the State can create an expectation that the law will be followed, and this expectation can rise to the level of a protected liberty interest. See Toussaint, 801 F.2d at 1094.
>
> For a state law to create a liberty interest, it must contain "substantive predicates" to the exercise of discretion and "**specific directives to the decision maker that if the regulations' substantive predicates are present, a particular outcome must follow**". Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463, 109 S.Ct. 1904, 1910, 104 L.Ed.2d 506 (1989); Swenson v. Trickey, 995 F.2d 132, 134 (8th Cir.), cert. denied, 510 U.S. 999, 114 S.Ct. 568, 126 L.Ed.2d 468 (1993). **Thus, laws that dictate particular decisions given particular facts can create liberty interests, but laws granting a significant degree of discretion cannot.**

In Re Cashaw, 123 Wn 2d at 144 (emphasis added).

The Department of Corrections has been mandated by statute to implement a system that allows for the possibility of early release. For some inmates their release is automatic when they reach their earned early release date because they have no supervision following incarceration. Inmates who were sentenced to community placement or community custody, cannot earn this reduction in sentence. Instead, they earn a possibility of being placed on community placement or community custody at the discretion of the Department of Corrections. Their release is not automatic.

In Dutcher, the Court of Appeals proceeded pursuant to RAP 16.4 (Personal Restraint Petition - Grounds for Remedy). The court used a standard of review which did not require the finding of a constitutional violation. The ruling in Dutcher that the department must follow the state statutory system and consider plans on the merits does not equate to a finding of a state created liberty interest in release and the holding in Dutcher did not eliminate the departments' discretion.

In 1995 the United States Supreme Court examined the methodology used to determine if state laws or regulations created liberty interests in a prison context and the Court adopted a new approach. Sandin v. Conners, 515 U.S. 472 (1995). The decision in Sandin was a reaction to the practice of combing state regulations for mandatory language to find liberty interests. The refusal to investigate a proposed plan does not lead to violation of a constitutionally protected right. There is

REPORT AND RECOMMENDATION - 4

1  no change in the incidents of normal prison life and the inmate is held until the expiration of his
2  sentence.  Accordingly, it would not appear that Mr. Young's claims presented here present a
3  cognizable federal claim

4  Irregardless of the merits of Mr. Young's claims, after reviewing the matter the court finds
5  Mr. Abbe failed to bring his EERD claim in a timely fashion.  This action was commenced on or
6  about June 1, 2005, nearly six (6) years after his earned early release date.  The applicable three-year
7  statue of limitation had run several years earlier.

## CONCLUSION

For the reasons outlined above the undersigned recommends **GRANTING** defendant's motion to dismiss.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 10, 2006**, as noted in the caption.

DATED this 20th  day of January, 2006.

/s/ J. Kelley Arnold
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5